HELT *et al.* v. ELLIS & JAMES.

Judicial sale: FORECLOSURE: REDEMPTION. Where, in a proceeding to redeem from a foreclosure sale of land, on account of alleged irregularities in the appointment of appraisers, an order was made that the plaintiff might redeem within a certain time, it was *held*, that he was not entitled to have brought into court for his use, whether he redeemed or not, a mortgage for purchase-money held by the defendants from one to whom they had sold after their purchase at the foreclosure sale, and who was not shown to have had any notice of the alleged irregularities in the sale.

*Appeal from Decatur District Court.*

SATURDAY, JANUARY 28.

THE plaintiffs filed in the Decatur district court a petition alleging that they mortgaged the S. E. ¼ of S. E. ¼ of section 10, township 69, range 25, to Elanor Allbee, to secure the payment of $240. That W. W. Ellis, as the agent of Allbee, filed a petition asking the foreclosure of said mortgage. That judgment was rendered on said note for $298.80, and a special execution awarded. That Ellis and James, acting as a firm, had execution issued. That the sheriff, without giving the clerk of the court or the defendant notice to select appraisers, appointed parties, one of whom was not a householder, to appraise said land, who appraised the same at $325. That Ellis and James purchased the land at sheriff's sale, for $330, and immediately sold the same to J. W. Studebaker for $500, and took a mortgage on the land for $175 of the purchase-money. That Studebaker sold said land to A. J. Welch, who took the same subject to the mortgage, and that said parties all had knowledge of the rights of petitioners. Petitioners pray that they may be allowed to redeem, and that the note held by Ellis and James may be delivered up to them. By an amended petition they claim $100 for rent of the premises.

Answer in denial. — The cause was referred to J. B. Morrison, Esq., to find facts and conclusions of law, who filed the following report, to wit: " The lands were sold and purchased as stated in the petition. Studebaker and Welch were innocent purchasers, without notice of any irregularities in said sale. One of said appraisers was not a householder of the neighborhood at the time of said appraisement. Ellis sold said land for $500, and took a mortgage back for $175. Ellis redeemed said land from

tax sale by paying $26.57. There has been no improvements made on said land since the sale. There were no rents and profits proven on the trial of this case.

*Legal conclusion.* — Plaintiffs have the right to redeem said land. I recommend decree that plaintiffs be compelled to redeem within twenty days after entry of the decree in this cause, by paying $330, with ten per cent from the 6th of June, 1868, and $26.57, with six per cent from the third day of July, 1868, and in default thereof to be forever barred of their right of redemption; and in case of redemption said mortgage to be void, and defendants pay all costs.

The defendants filed a motion to set aside the conclusions of law, and the plaintiffs a motion to modify the report of the referee, both of which were overruled. A judgment was entered as recommended by the referee, to which both parties excepted.

The plaintiffs alone appeal.

*J. W. Penny* for the appellants.

*Warner & Post* for the appellees.

DAY, J. — The abstract of the record submitted by appellant contains no portion of the testimony produced on the trial of the cause before the referee. We cannot, therefore, review the facts found. The only question presented by the record for our consideration is with reference to the legal deductions of the referee. Appellant insists that "Ellis and James, purchasing with notice, should be compelled to bring said mortgage into court for plaintiff's use, whether he redeems said land or not." The referee does not find that Ellis and James purchased with knowledge of any fact which would effect their *bona fides.* We are therefore not called upon to consider what would be their rights and obligations if such notice were established.

Appellant asked in the court below an extension of the time limited for redemption. This time, being but twenty days, expired long before the cause came into this court. It is hence apparent that, without such extension, the plaintiff will be denied any practical benefits from the decree in his favor.

The plaintiff will be allowed until the first day of April, A. D. 1871, within which to redeem as directed by the decree of the court below, and will pay the costs of this appeal.

Thus modified the decree of the district court is

Affirmed.